**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, N.A., FKA Countrywide Home Loans Servicing, LP, Successor by Merger to BAC Home Loan Servicing, LP; FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> THE GROVE HOMEOWNERS ASSOCIATION, <br><br> Defendant, <br><br> and <br><br> SANDOR FEHER, <br><br> Defendant-Appellant. | No. 20-15420 <br><br> D.C. No. 2:16-cv-02939-RFB-BNW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted November 8, 2021[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Sandor Feher appeals pro se from the district court's summary judgment in this quiet title action brought by Bank of America, N.A. and Federal National Mortgage Association ("Fannie Mae"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017). We affirm.

The district court properly granted summary judgment because Feher failed to raise a genuine dispute of material fact as to whether Fannie Mae's interest in the subject property had been extinguished by the foreclosure sale. *See id.* at 928 ("[T]he Federal Foreclosure Bar applies to any property for which the [Federal Housing Finance Agency] serves as conservator and immunizes such property from any foreclosure without Agency consent." (citing 12 U.S.C. § 4617(j)(1), (3)).

Feher's motions to transmit exhibits (Docket Entry Nos. 15 and 34) are denied. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**